■ WILLIAM MARTIRANO, Appellant, v. M. D. VALGER, Respondent.— In an action to recover damages for personal injury, plaintiff appeals: (1) from an order of the Supreme Court, Queens County, dated September 25, 1962, which denied his motion for a general preference pursuant to the Trial Term Rules of said court; and (2) from an order of the same court, dated November 7, 1962, which, upon reconsideration, adhered to the court's original decision. Order of November 7, 1962, insofar as it adheres to the court's original decision to deny the preference, reversed, with $10 costs and disbursements to plaintiff; plaintiff's motion for a general preference granted; and action remitted to the Trial Term of the Supreme Court, Queens County, for the entry of an order according a proper calendar preference to the action. Appeal from order of September 25, 1962, denying the motion, dismissed as academic. That order was superseded by the later order of November 7, 1962. Plaintiff, a resident of Queens County, was injured on April 24, 1961 in New York County as a result of the negligence of defendant, a resident of Nassau County. Plaintiff commenced his action in the Supreme Court, Queens County, on October 17, 1961. Issue was joined on December 26, 1961, and a note of issue was filed for the September 1962 Term. In our opinion the Special Rule of this court (art. III) regulating the granting of preferences in negligence actions, effective March 1, 1962, which rescinded rule IX of the Trial Term Rules of the Supreme Court, Queens County, and which contains the same provisions as the rescinded rule, was not intended to exclude a case from proceeding in the regular order on the calendar where a plaintiff has brought his action in the Supreme Court for jurisdictional reasons (*Slater* v. *Margolin,* 13 A D 2d 450). We are further of the opinion: (1) that subdivision a of section 19 of article VI of the Constitution of the State of New York (as amd., eff. Sept. 1, 1962) which *inter alia* authorizes the Supreme Court to transfer any action " to any other court having jurisdiction of the subject matter within the judicial department

provided that such other court has jurisdiction over the classes of persons named as parties" to such action; and (2) that subdivision (b) of section 7 of the New York City Civil Court Act, which so far as pertinent provides that the Civil Court shall have jurisdiction of actions for the recovery of money where "the cause of action arose within the city of New York and the defendant * * * resides * * * within [such] city * * * or the counties of Westchester or Nassau," are not retroactive in the absence of a clear expression by the Legislature to that effect (*Garzo* v. *Maid of Mist Steamboat Co.*, 303 N. Y. 516, 522). Nor may this action be transferred to a lower court pursuant to the amended section 110-b of the Civil Practice Act, without the written consent of the parties (*Friedman* v. *Strand*, 203 Misc. 170; *Kessler* v. *Rosenberg*, 207 Misc. 143). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.